<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| TARIQ JABRI,<br><br>   Plaintiff,<br><br>v.<br><br>BANK OF AMERICA, N.A.,<br><br>   Defendant. | Civil Action No. 24-9197 (SDW) (JSA)<br><br>**WHEREAS OPINION**<br><br>March 3, 2025 |

**WIGENTON**, District Judge.

  **THIS MATTER** having come before this Court on Defendant Bank of America, N.A.'s (BANA) motion to dismiss (D.E. 21) pro se Plaintiff Tariq Jabri's complaint[1] (D.E. 1 ("Compl.")), and this Court having reviewed the parties' submissions; and

  **WHEREAS** Plaintiff's complaint is largely incomprehensible but appears to contest a foreclosure of the property at 32 New Street, East Orange, NJ 07017 ("the Property").[2] (*Id.* at 4–6.) It seems to claim that BANA lacks standing to foreclose, to allege a fraudulent assignment of the mortgage, and to seek a $15,000,000 judgment (*id.* at 9–10); and

---

[1] Plaintiff identifies himself as "Tariq Jabri for Qasim Jabri & Silma Jabri." (Compl. at 1.) The complaint appears to be signed by only Tariq Jabri. (*Id.* at 11.) Because he is pro se, he is "prohibited 'from pursuing claims on behalf of others in representative capacity.'" *Liggon-Redding v. Willingboro Twp.*, 351 F. App'x 674, 679 (3d Cir. 2009) (quoting *Simon v. Hartford Life, Inc.*, 546 F.3d 661, 664 (9th Cir. 2008)). Accordingly, to the extent any of the claims in the complaint are asserted by Qasim or Silma Jabri, they are dismissed.

[2] Plaintiff's dispute with BANA over the Property has appeared in this Court before. In 2020, Plaintiff sued BANA in New Jersey Superior Court (Essex County), and BANA removed the matter to this Court. *Jabri v. Bank of Am., N.A.*, Civ. No. 20-17004 (SDW) (LDW), 2021 WL 672934, at *1 (D.N.J. Feb. 22, 2021). The 2020 complaint concerned the mortgage on the Property; Mr. Jabri contended that his "interest in the [P]roperty was wrongfully divested from [him] in violation of state and federal law." *Id.* (first alteration in original) (quotations omitted). BANA's motion to dismiss that complaint was granted because "Mr. Jabri's … incoherent allegations fail[ed] to state plausible claims for relief." *Id.* at *3.

1

**WHEREAS** a foreclosure sale of the Property was ordered by the Superior Court of New Jersey (Essex County) on September 9, 2024 to satisfy debts owed by Plaintiff to Deutsche Bank Trust Company Americas FKA Bankers Trust Company ("Deutsche Bank")[3] (D.E. 21-13; D.E. 21-14)[4]; and

**WHEREAS** "[t]he *Rooker-Feldman* doctrine bars federal district courts from hearing cases 'that are essentially appeals from state-court judgments.'" *Nest v. Nationstar Mortg., LLC*, Civ. No. 16-4282 (ES) (MAH), 2016 WL 4541871, at *2 (D.N.J. Aug. 31, 2016) (quoting *Great W. Mining & Min. Co. v. Fox Rothschild LLP*, 615 F.3d 159, 165 (3d Cir. 2010)). Specifically, "the *Rooker-Feldman* doctrine bars federal courts from providing relief that would invalidate a state court foreclosure decision." *Id.* *Rooker-Feldman* applies when: "(1) the federal plaintiff lost in state court; (2) the plaintiff 'complain[s] of injuries caused by [the] state-court judgments'; (3) those judgments were rendered before the federal suit was filed; and (4) the plaintiff is inviting the district court to review and reject the state judgments." *Great W. Mining*, 615 F.3d at 166 (alterations in original) (quoting *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005)); and

**WHEREAS** all four elements are met here. The federal Plaintiff, Mr. Jabri, lost in state court, and he is necessarily complaining of injuries caused by the state court judgment. The state case resulted in a final judgment and writ of execution ordering the foreclosure of the property (D.E. 21-13; D.E. 21-14). Mr. Jabri seeks delay or cancellation of that sale. (D.E. 1 at 4.) The state court judgment was also rendered before the federal suit was filed. The final judgment and

---

[3] Deutsche Bank had been assigned the mortgage on the property and filed the foreclosure action in Superior Court. (D.E. 21-1 at 3.) BANA "service[d] the mortgage loan." (*Id.* at 1 n.1)

[4] "To decide a motion to dismiss, courts generally consider only the allegations contained in the complaint, exhibits attached to the complaint and matters of public record." *Pension Benefit Guar. Corp. v. White Consol. Indus. Inc.*, 998 F.2d 1192, 1196 (3d Cir.1993). The Superior Court's September 9, 2024 final judgment and writ of execution are matters of public record.

writ of execution were granted on September 9, 2024.  (D.E. 21-13; D.E. 21-14.)  Mr. Jabri filed his complaint in this Court on September 16, 2024.  (D.E. 1.)  Finally, Mr. Jabri seeks review and reversal of the state court judgment.  Again, while the complaint is difficult to decipher, it seems to seek reversal or vacatur of the foreclosure (*see* D.E. 1 at 4–5 ("NO EVIDENCE OF A MORTGAGE TO FILE FORECLOSURE ON … foreclosure is in violation of OCC/BOA consent order … Bank of America has no standing to foreclose …").)  Granting the requested relief would necessarily undermine the state court order and writ of execution.  Accordingly, this Court lacks subject matter jurisdiction over this matter and it must be dismissed.  *See Gage v. Wells Fargo Bank, NA AS*, 521 F. App'x 49, 50–51 (3d Cir. 2013) (holding that district court "lack[ed] subject matter jurisdiction" over "attack on the state court judgment of foreclosure"); therefore

      BANA's motion to dismiss is **GRANTED**, the complaint is **DISMISSED**, and all other pending motions in this matter are **DISMISSED AS MOOT**.  An appropriate order follows.

      /s/ *Susan D. Wigenton*
      **SUSAN D. WIGENTON, U.S.D.J.**

Orig:  Clerk
cc:    Parties
       Jessica S. Allen, U.S.M.J.

3